

Donna U. Grodner                                                      dgrodner@grodnerlaw.com

September 11, 2024
via electronic mail

United States Court of Appeals, Fifth Circuit
600 S. Maestri Place
New Orleans, La 70130

    Re:    **Ford v. McKesson formerly John Doe v. DeRay McKesson, et al**
            **USDC No. 3:16-CV-742**
            **24-30494**

To whom it may concern:

This letter is in response to a September 6, 2024, letter from Black Lives Matter Global Network, Inc. The Black Lives Matter Network, Inc., was a party sought to be named in an amended complaint, but which had not at the time of the original appeal in this matter been sued and served. For this reason, we do not believe the party could have been dismissed as they were not before the Court.

The Amended Complaint 16-742, RD 52-4, at 3 of 17, sought to be filed, stated the following of the corporation:

3.

\* \* \* \*

**BLACK LIVES MATTER NETWORK, INC.**, Is a Delaware Corporation, whose registered agent for service of process is the Corporation Trust Company located at Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801, amenable to service of process through the Louisiana Long Arm Statute on its registered agent for service of process d/b/a as **BLACK LIVES MATTER NETWORK**, d/b/a "Black Lives Matter," described on the Black Lives Matter Website donation payment receipt as one of two entities that accepts donations made to Black Lives Matter and in the name of "Black Lives Matter" and which describes itself as, "working for the validity of Black life. Patrisse Cullors, Opal Tometi, and Alicia Garza created the infrastructure for this movement project—moving the hashtag from social media to the streets, working to organize communities and

Grodner Law Firm
2223 Quail Run Drive, Suite B    Baton Rouge, LA 70808    **T:** 225.769.1919    **F:** 225.769.1997
**W:** www.grodnerlaw.com

(re)build the Black liberation movement."

* * * *

69.

## RESPONDEAT SUPERIOR

  Pursuant to La. C.C. art. 2317, Defendants are liable for the actions of DeRay McKesson and persons acting with BLACK LIVES MATTER in furtherance of its goals and purpose, which caused the injuries herein.

70.

  Pursuant to La. C.C. art. 2324, the Defendants are liable in solido for the action of DeRay McKesson, a leader of Black Lives Matter for his actions that resulted in injuries caused to OFFICER and for their intentional actions, including criminal conduct, and for conspiring to incite a riot/protest and other damages.

  An issue designated for appeal by the Plaintiff to be briefed on this appeal is whether the Plaintiff, former officer John Doe, now Mr. John "Brad" Ford, should have been allowed to name Black Lives Matter Network, Inc., in the amended complaint after this case was dismissed in the District Court on First Amendment basis, went through the Fifth Circuit, to the Supreme Court, back to this Court, to the Louisiana Supreme Court, back to this Court, to the Supreme Court all of which found the First Amendment did not apply. Once back to the District Court, the District Court would not allow Mr. John Ford to name and serve the BLM corporation. The lower court again dismissed this case on the First Amendment. The order disallowing the Mr. John Ford to add the BLM corporation and the judgment of dismissal were both noticed for this appeal.

  In the District Court's original judgment taken on appeal, in 2018, the lower court found that the amendment to the compliant that sought to add Black Lives Matter Network, Inc, was futile - because *plaintiff failed to state a cause of action against Black Lives Matter* under the 1st Amendment. The Trial Court found that based on the First Amendment, Mr. Doe failed to state a cause of action against the corporation solely on First Amendment grounds. See 16-742 (M.D. La.) RD 71, at 10. This Court, with writs denied by the Supreme Court, found that the First Amendment does not apply to the state law tort claim asserted in this case. This Court has never found that respondeat superior will not apply.

  The claim originally sought to be pled against the BLM corporation was for its vicarious liability for DeRay McKesson though respondeat superior on the basis that McKesson was acting on behalf of the BLM Corporation while in Baton Rouge in the wake of the Alton Sterling shooting. That Officer Doe had stated a cause of action against the corporation was briefed specifically at page 31 (respondeat superior) and expounded upon through Subpart E of the original brief filed in this Court in 17-30864 from page 31-45. Brief filed 1/16/2018.

**Grodner Law Firm**
2223 Quail Run Drive, Suite B   Baton Rouge, LA 70808   **T:** 225.769.1919   **F:** 225.769.1997
**W:** www.grodnerlaw.com

In the original judgment, RD 71, at 14, the lower court wrote, "Plaintiff himself has identified one such entity and seeks leave of court to add that entity as a Defendant: Black Lives Matter Network, Inc. (*See* Doc. 52-4 at ¶ 3). These entities undoubtedly are "juridical persons" capable of being sued, and therefore the issue of such an entity's *capacity* would not impede Plaintiff from filing suit against it."

At RD 71, at 15, the lower court wrote, "Plaintiff has failed to state plausible claims for relief against either Mckesson or Black Lives Matter Network Inc that are supported by anything more than conclusory allegations."  As this Court is aware, this finding by the lower court was reversed as to McKesson and the BLM corporation is alleged to be the employer or principle entity for whom McKesson appeared in Louisiana under the theory of respondeat superior.

In ruling that Mr. John "Brad" Ford could not name the BLM corporation, the lower court referenced a footnote found at 71 F.4th 278, 286, nt. 5, where the Fifth Circuit wrote that Officer Doe failed to brief the denial by the District Court of leave to amend to add Black Lives Matter Network, Inc., and wrote that "Doe fails to brief these issues on appeal." Because there were several pages of briefing devoted to factual and legal briefing of the error by the District Court in it reason for finding a cause of action was not stated against BLM , it is unclear from the footnote exactly what the Fifth Circuit intended to communicate. Respondeat superior was specifically referenced in the brief.

Once the Supreme Court denied writs, the lower court used the foot note to disallow the filing of an amended petition naming the BLM corporation.  That order was designated for the instant appeal as well as the judgment, once again, dismissing this case on First Amendment grounds.

Although the BLM corporation was a viable party when named, the Global Network now writes that "as a corporate entity, [the Network] has ceased operations and dissolved." This case was stayed for the better part of 7 years and once the case returned to the docket of the district court, it was put on a "rocket docket."  Certainly, additional work would be required to determine the meaning of the Network's statement and to where it spun its liabilities.

Your courtesies regarding this matter is appreciated.

Sincerely,

Donna U. Grodner

**Grodner Law Firm**
2223 Quail Run Drive, Suite B    Baton Rouge, LA 70808   **T:** 225.769.1919   **F:** 225.769.1997
**W:** www.grodnerlaw.com