24-30494

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

JOHN FORD, former Officer John Doe Police Officer
Plaintiff - Appellant

v.

DERAY MCKESSON; BLACK LIVES MATTER; BLACK LIVES MATTER
NETWORK, INCORPORATED
Defendants - Appellee

Appeal From the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CV-742
Honorable Chief Judge Brian A. Jackson, Presiding

# *APPELLANT JOHN FORD'S OPPOSITION BRIEF TO APPELLEE DERAY MCKESSON'S REQUEST FOR REHEARING EN BANC*

Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX 769-1997
Dgrodner@grodnerlaw.com
Attorney for Appellant
JOHN FORD

JOHN FORD, former Officer John Doe Police Officer     NO. 24-30493
   (Appellant)             *
v.                             *
                              *
DERAY MCKESSON; BLACK LIVES MATTER; BLACK LIVES MATTER
NETWORK, INCORPORATED       *
   (Appellees)            *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF INTERESTED PARTIES

The undersigned counsel of record for the Claimant certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or refusal.

All persons with a financial interest in the outcome of this litigation are as follows:

John Ford, Former Officer John Doe
Baton Rouge Police Department

DeRay McKesson
Counsel for DeRay McKesson,
William P. Gibbens
Schonekas, Evans, McGoey &
McEachin, LLC
909 Poydras Street, Ste 1600
New Orleans, La 70112
504.680.6050    fax    504.680.6041
billy@semmlaw.com

Black Lives Matter Network, Inc.
Counsel for Black Lives Matter
Network, Inc.
Chlore M Chetta

Barraso Usdin Kupperman, Freeman &
Sarver, LLC
909 Poydras Street, 24th Floor
New Orleans, La 70112
504.589.9731 fax 504.589.9701
cchetta@barrassousdin.com

May this certificate of interested parties be deemed proper in the premise.

<div style="text-align: right">

Respectfully submitted:
Counsel for Appellant
JOHN FORD

/s Donna Grodner
Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX 769-1997
Dgrodner@grodnerlaw.com

</div>

**STATEMENT REGARDING ORAL ARGUMENT**

Unnecessary. The review before this Court is *de novo* on the record.

**TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PARTIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . iv

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

I.        Response brief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

FORM 6: CERTIFICATE OF COMPLIANCE WITH RULE 32 (a). . . . . . . . . . . 5

**TABLE OF AUTHORITIES**

***Federal Cases***

Counterman v. Colorado, 600 U.S. 66, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

Doe v. Mckesson, 71 F.4th 278 (5th Cir. 2023), cert. denied, 144 S. Ct. 913, 218 L. Ed. 2d 442 (2024).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

In re Whole Woman's Health, 142 S. Ct. 701, 211 L. Ed. 2d 581 (2022). . . . . . . . 2

NAACP v. Claiborne Hardware Co., 458 U.S. 886, 102 S.Ct. 3409, 73 L.Ed.2d 1215 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

Occidental Petroleum Corp. v. Wells Fargo Bank, N.A., 117 F.4th 628, 647–48 (5th Cir. 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Sibbald v. United States, 12 Pet. 488, 9 L.Ed. 1167 (1838).. . . . . . . . . . . . . . . 2

United States v. Bazemore, 839 F.3d 379 (5th Cir. 2016). . . . . . . . . . . . . . . . . 1

***Federal Rules and Statutes***

28 U.S.C. § 2106. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

First Amendment, United States Constitution. . . . . . . . . . . . . . . . . . . . . . . 2, 3

### State Statutes and Codal Authority

Colo. Rev. Stat. § 18–3–602(1)(c) (2022). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

### State Cases

none cited

### Other Authority

none cited

## I.   Response brief

Because petitions for rehearing *en banc* are subject to abuse, this Court requires that such petitions identify either an error of exceptional public importance or a direct conflict between the panel opinion and prior precedent of the Supreme Court, the Fifth Circuit, or controlling state law.

Here, although this Court has rejected Mr. McKesson's First Amendment argument at every stage of this litigation, Mr. McKesson now contends that the present decision conflicts with Doe v. McKesson, 71 F.4th 278 (5th Cir. 2023), a case in which he did not prevail. If McKesson's position was correct, Mr. McKesson would not be seeking rehearing; instead, he would be celebrating the reversal of an earlier adverse ruling from this Court. The Fifth Circuit has twice held that First Amendment protections do not bar liability in this case under NAACP v. Claiborne Hardware Co., 458 U.S. 886, 102 S. Ct. 3409, 73 L. Ed. 2d 1215 (1982).[1] Those rulings constitute law-of-the-case[2] and are binding.[3]

---

   [1]   We also rejected Mckesson's argument that imposing liability in these circumstances would violate the First Amendment, as informed by NAACP v. Claiborne Hardware Co., 458 U.S. 886, 102 S.Ct. 3409, 73 L.Ed.2d 1215 (1982). That case gave important guidance on the extent to which state law can impose liability for conduct in "the presence of activity protected by the First Amendment." Id. at 916, 102 S.Ct. 3409. Under Claiborne, where a defendant "authorized, directed, or ratified specific tortious activity," the First Amendment allows state law to impose liability for "the consequences of that activity." Id. at 927, 102 S.Ct. 3409. That principle, we explained, is consistent with allowing civil liability here." Doe 2023, 71 F.4th at 284.

   [2]   Occidental Petroleum Corp. v. Wells Fargo Bank, N.A., 117 F.4th 628, 647–48 (5th Cir. 2024) ("This doctrine, among other things, precludes a district court from reconsidering an issue of fact or law decided on appeal. See United States v. Bazemore, 839 F.3d 379, 385 (5th Cir. 2016) (*per curiam*). Vacating the relevant orders and remanding the case would allow the district court to address the remaining

Although this matter has been before the Court multiple times, Mr. McKesson now argues that the present decision conflicts with NAACP v. Claiborne Hardware Co., 458 U.S. 886 (1982). If that argument were correct, then this Court's prior opinions would also have been erroneous, and the Supreme Court would not have denied relief and denied certiorari from those earlier decisions. As this Court explained:

> We also rejected Mckesson's argument that imposing liability in these circumstances would violate the First Amendment, as informed by NAACP v. Claiborne Hardware Co., 458 U.S. 886, 102 S.Ct. 3409, 73 L.Ed.2d 1215 (1982). That case gave important guidance on the extent to which state law can impose liability for conduct in 'the presence of activity protected by the First Amendment.' Id. at 916, 102 S.Ct. 3409. Under Claiborne, where a defendant "authorized, directed, or ratified specific tortious activity," the First Amendment allows state law to impose liability for "the consequences of that activity." Id. at 927, 102 S.Ct. 3409. That principle, we explained, is consistent with allowing civil liability here. Doe 2023, 71 F.4th at 284.

Likewise, although Mr. McKesson previously argued before the Supreme Court that Counterman did not apply to this case, he now contends that the present ruling directly conflicts with Counterman v. Colorado, 600 U.S. 66, 143 S. Ct. 2106, 216 L.

---

issues with the parties and guide the case towards resolution on the merits. But once the mandate issues, that will be the first instance in which advantage and detriment will inure to either party.").

[3] "'Whatever was before the Court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. They cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it upon any matter decided on appeal for error apparent; or intermeddle with it, further than to settle so much as has been remanded.' Sibbald v. United States, 12 Pet. 488, 492, 9 L.Ed. 1167 (1838)." In re Whole Woman's Health, 142 S. Ct. 701, 702, 211 L. Ed. 2d 581 (2022).

Ed. 2d 775 (2023). However, <u>Counterman</u>[4] had already been decided when the Supreme Court denied certiorari in this matter.[5] Had the Supreme Court believed reconsideration under <u>Counterman</u> was warranted,[6] it could have vacated and remanded this case to this Court for further review in light of that decision. Instead, certiorari was denied.

Moreover, in a footnote in his Supreme Court reply brief, Mr. McKesson expressly argued that reconsideration under <u>Counterman</u> would not aid his position. He stated:

> One amicus suggests that the Court vacate and remand in light of . FIRE Amicus Br. 3. But "such further proceedings," are neither needed nor "just under the circumstances." 28 U.S.C. § 2106. The passages in that cast light on the Fifth Circuit's errors were restatements of the same long-settled principles petitioner pressed below, and petitioner—having weathered one "prolong[ed]" and "expens[ive]," 592 U.S. at 5, round of remand proceedings, culminating in a decision no more faithful to <u>Claiborne</u> than its precursors—should not have to pursue yet another in order to vindicate his First Amendment rights.

---

[4] <u>Counterman v. Colorado</u>, 600 U.S. 66 (2023)(recklessness is the appropriate *mens rea*, consistent with the First Amendment, for a criminal conviction for communications constituting a true threat.).

[5] Sotomayer's agenda through her statement issued in this case is unclear where she wrote separately in <u>Counterman</u> because she could not fully agree with the majority opinion in <u>Counterman</u>, writing, "Today, unfortunately, the Court unnecessarily departs from this traditional understanding. That is not to say that I disagree with the Court on everything." <u>Counterman v. Colorado</u>, 600 U.S. 66, 84, 143 S. Ct. 2106, 2120, 216 L. Ed. 2d 775 (2023).

[6] Application of the First Amendment to a criminal statute where Colorado charged Counterman under a statute making it unlawful to "[r]epeatedly ... make[ ] any form of communication with another person" in "a manner that would cause a reasonable person to suffer serious emotional distress and does cause that person ... to suffer serious emotional distress." Colo. Rev. Stat. § 18–3–602(1)(c) (2022).

Finally, Mr. McKesson argues that the "question of exceptional importance: is does the First Amendment bar liability against a protest-attendee for the action of a third party at the same protest," which issue sounds very similar to the question this Court certified to the Louisiana Supreme Court[7] and to which that court answered in the affirmative.

## CONCLUSION

This Court properly reversed and remanded. Rehearing should not be granted.

<div style="margin-left:40%">

Respectfully submitted:
Counsel for Appellant
JOHN FORD
/sDonna Grodner
Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX 769-1997
Dgrodner@grodnerlaw.com

</div>

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing in electronic portable document format has been both emailed pursuant to Rule 25.2.3 and 25.2.5 on the Court's electronic Notice of Docketing Activity this May 7, 2026.

<div style="margin-left:50%">

/sDonna U. Grodner
Donna U. Grodner

</div>

Counsel for DeRay McKesson
Vera Eidelman veidelman@aclu.org
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
202.549.2500 veidelman@aclu.org

---

[7] Whether Louisiana law recognizes a duty, under the facts alleged in the complaint, or otherwise, not to negligently precipitate the crime of a third party?

**FORM 6: CERTIFICATE OF COMPLIANCE WITH RULE 32 (a)**

1.      This brief complies with the type-volume limitation of Fed.R. App. P. 32 (a)(7)(B) because this brief contains 11,518 words excluding the parts of the brief exempted by Fed. R. App. 32 (f) of 13,000 words or 1,300 lines of text.

2.      This brief complies with the typeface requirement of Fed.R. App. P. 32 (a)(5) and the type style requirements of Fed. R. App. P. 32 (a)(6) because this brief has been prepared in proportionally spaced typeface using Word Perfect in a scaleable 14 pt. font called Times New Roman.

Baton Rouge, Louisiana, on May 7, 2026.

/sDonna Grodner
Donna U. Grodner